UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.:  CV - _____

---

ANTHONY BANITT,

    Plaintiff,          **COMPLAINT**

v.

OXFORD COLLECTION AGENCY, INC.,

    Defendant.         **JURY TRIAL DEMANDED**

---

## **JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA")

## **PARTIES**

3. Plaintiff, Anthony Banitt, (hereinafter "Plaintiff"), is a natural person residing in the County of Goodhue, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Defendant, Oxford Collection Agency, Inc. (hereinafter "Defendant"), is a debt collection agency operating from 135 Maxess Road Melville, NY 11747 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## **FACTUAL SUMMARY**

5. Sometime prior to January 2007, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a consumer credit card.

6. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

7. During the following months, Defendant began a collection campaign that included numerous telephone calls to Plaintiff.

### *1st Telephone Communication*

8. On or about January 2007, Plaintiff received a telephone call from Defendant on Plaintiff's cell phone.

9. Plaintiff explained to Defendant's debt collection agent that the debt collection agent was calling Plaintiff on his work cell phone and that he was not allowed to receive personal calls on his work cell phone.

10. Defendant's debt collection agent refused to cease calling Plaintiff on Plaintiff's work cell phone.

11. Since January 2007, Defendant has contacted Plaintiff on Plaintiff's work cell phone, despite knowing that Plaintiff was prohibited from receiving personal telephone calls on that telephone.

12. Defendant caused charges to be made to Plaintiff and Plaintiff's employer as a result of Defendant's collection campaign and refusal to cease contacting Plaintiff on his work cell phone.

13. The conduct of Defendant in harassing Plaintiff in an effort to collect the alleged debt by contacting Plaintiff on his work cell phone when Defendant knew that the employer prohibited such communication, causing charges to be incurred by Plaintiff and Plaintiff's employer and verbally abusing Plaintiff was a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(3), 1692d, and 1692f(5), amongst others.

*Summary*

14. Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, and physically.

## TRIAL BY JURY

15. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 ET SEQ.

16. Plaintiff incorporates by reference paragraphs 1 through 15 as though fully stated herein.

17. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

18. As a result of Defendant's foregoing conduct and violations of the FDCPA, Plaintiff is entitled to recover actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

## **COUNT I.**

## **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

## **15 U.S.C. § 1692 et seq.**

19. an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

20. an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

21. an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

Dated:  June 21, 2007            **SCRIMSHIRE, MARTINEAU, GONKO & VAVRECK, PLLC**

  s/ Mark L. Vavreck
Mark L. Vavreck, Esq.
Attorney I.D.#0318619
Designer's Guild Building
401 North Third Street
Suite 600
Minneapolis, MN 55401
Telephone: (612) 659-9500
Facsimile:  (612) 659-9220

**ATTORNEY FOR PLAINTIFF**